We'll call our next case, Fed Cetera v. National Credit Services. May I reserve five minutes for rebuttal, please? You may. My name is Michael McHaney. I'm here on behalf of the appellant federal Fed Cetera LLC. This case revolves around collecting the Lincoln Federal Student Loans. The Department of Education contracts out the enforcement effort on federal student loans. They contract with several private collection agencies. And in turn, those private collection agencies subcontract out some of their business to other collection agencies. The defendant in this case, National Credit Services, wanted to get a piece of that business. My client, Fed Cetera, has a niche business in that they counsel companies such as NCS in their effort to obtain these federal contracts. So my client entered into a finder's agreement with NCS, the purpose of which can be gleaned from the agreement itself and includes duties of Fed Cetera or introductions to opportunities to enter into a business transaction. Counselor, help us with the actual language here because that seems to be where Judge Kugler concluded  And here we have this compensation section that says the principal shall pay fees to the consultant for the duration of any agreement resulting in said fee transaction. Doesn't that indicate that the agreement comes before the fee transaction? And if so, how could fee transaction mean the consummation of the agreement? The way this is structured is that if within the six-year life of the agreement, the NCS gets any business collecting federal student loans, then a fee is to be paid to my client for the life of the agreement between NCS and the federal government or any private collection agency. But that sounds like an argument that we should read the compensation section here to say that there's payment for the duration of the term of this principal third-party agreement resulting from said fee transaction. But it doesn't say resulting from, it says resulting in. Can you help us understand that? Well, I'm not sure I even understand what you just said because I'm looking at what has happened between the parties. There was a prior contract. Yeah, but the prior contract, don't we have to have, the word consummation means bringing something to an end. And the prior contract did not end the relationship here. The only definition, the word consummation, the only definition or meaning of the word consummation is not to carry something out completely. Well, to me, it means that they're complete, to complete it or something like that. It doesn't mean. The definition of consummation relied upon by the district court was a selected single definition of many from Black's Law Dictionary. And it can mean to carry something out completely. But it also can mean many other things. It can mean to achieve. How does it mean in relation to this particular contract in terms of the negotiation of the contract and in terms of the payment of fees? Well, the purpose of this agreement was to achieve business in the form of getting contracts to collect those. And you did that. But the way you achieve that business is to form a contract. You did that. Precisely. All right. But the fees were not earned until after the contract expired. There's no rule of law. In fact, the law is quite the opposite, that you can form a contract with obligations and performance in the future. There's no law that says that a contract is not enforceable until performance begins. You know, the typical example of a contract is, and I'm sure you've all dealt in hundreds of them if you've been in practice, that you have a contract for the sale of property. That doesn't tell you anything. You have to have that closing for the contract to be consummated. And so I'm sure you've been in a lot of deals where you have a contract to do something. You don't wind up unless you consummate the contract. Well, curiously enough, in researching the law in this case, the law is exactly the opposite of what you just said. The law regarding brokers on real estate transactions is that the broker's fee is due. Broker, but I've been in an awful lot of contracts, and we've had the fee is not earned until the matter is closed. That's a matter of. The broker may earn the fee at some other point, but generally. The point is that. I put in, it's got to close. I'm sure you've got a reason you do that. The reason the reason is because the general law is that the broker earns his commission when he makes the deal, not a closing. So when contracts are written, they get around the general law. They specifically put in the contract. You don't get paid until the close. Well, they consummate here. They got you got to consummate the deal. But the contract that you entered into. This is not a sale. There's no closing in this case. There's no there's no set time. In fact, the only case relied upon by the district court for the proposition that you cite is this hottest case from nineteen fifty five. And if you read the agreement of sale in that case, the agreement of sale specifically states the time when the commission will be paid. And that is a clue. And it doesn't. And so at closing, the deal is conservative, is carried out completely. Carried out completely is not the only definition recognized in the law of the word consummate. The federal courts have used the word consummate for generations and at every level to refer to the formation of a contract. Doesn't it depend what it is that's being consummated? Oh, absolutely. And I think the surrounding circumstances are important. Well, before we go concern surrounding circumstances, help us go through the text of the agreement here. OK, because we have a transaction being defined in this in this agreement in two ways. One of them makes reference to the consummation of any transaction. That's the first one. And the second is the subsequent consummation of any contract. Is there is there a different action in your view that's required to earn fees under the first and the second? Is there some significance to consummating the transaction? There is a contract. The first situation do we have here? The first situation is under sentence one of the definition of fee transaction. That refers to a contract with a to be a subcontractor with a PCA for the student debt collection business. And the way this contract is written, the second sentence refers to a contract, direct contract with the Department of Education to engage in the debt collection business. And the intent was that if you get a subcontract, which later leads to a direct contract, then ipso facto, that is a fee transaction to which you're entitled payment. So the consummation of a contract used in the second sentence, the word is consummation of contract, not consummation of transaction. And does that I don't think the signing of a contract. That's that's that's my argument. And the formation of a contract for this is a new consummation to you occurs when the contract is not just negotiated. Absolutely. Signed up. And that's what I believe the circumstances suggest. So we're dealing with here is this the second category that's covered by the subsequent consummation of a contract. Right. That's that's the situation that you you you contend that your client is owed fees for. Yes. Well, in fact, there's nothing there's nothing my client has to do except regarding the direct contract, because if a direct contract is formed during the life of the agreement. They've gained the business and it is ipso facto, ipso facto, a fee transaction. Entitled my client to payment. So your argument in essence is that the district court erred by treating the second definition as if it were the first. Yes. That is that's part of the transaction. Absolutely. When it says consummation of a contract. Right. I believe the district court misunderstood that the second sentence was involved. Only a direct contract with the Department of Education, which would be entered into after the formation of a subcontract. Well, it's the attempt that they figured to figure the thought process here is, look, if we get your foot in the door on a subcontract, there's a good chance that you may get a direct contract. And since we put you in in this business, we want a piece of the direct contract. If they met the formation of the contract, they should they could have just said so. To me, the fact that they required something we consummated later on, they weren't referring to the contract that you're talking about. Well, on the first part of that, I agree. On the second part of that, I disagree. Consummation is a broadly used word. The courts use it repeatedly to refer to the formation of a contract. The Congress uses formation of a transaction or what? I'm sorry. Consummation of a transaction in the Truth of Lending Act, which this court has interpreted to mean entering into an agreement, not the performance. Performance can be something many times separate from the formation of a contract. Counsel, help us with that. One of our canons of construction under New Jersey law is the canon against surplus age. We try to give meaning to the actual words that are being used. And we have here consummation. It's the fee transaction being consummated. But then fee transaction in its own definition uses the word consummation. So when we put them together, we have what is perhaps an article drafting, but perhaps has significance, which is what I'd like you to address. And that is literally would mean that fees are due when the consummation of the contract is consummated. And that doesn't the consummation of a fee transaction then need to mean something more than simply consummation of the contract, because it's saying that that event, the consummation of the contract, is what needs to be consummated under the literal terms of the agreement in order for you to earn your fee. Isn't that something more than simply formation of contract as in perhaps performance? I see. I agree with you that it is surplusage. I do not agree with your conclusion. The reason being that the surrounding circumstances suggest otherwise. Under the if my client is not paid until the completion with the contracts are carried out completely, then he would never get paid because the contracts are not carried out completely for years and often until after the expiration of the NCS agreement with FedCetera. And in fact, that is apparent from the ACT contract, which was the contract obtained, the first contract obtained by NCS, the subcontract. That contract was entered into in 2011 or 2010. And at the time of filing the completeness action and after the FedCetera contract had expired, payment was being made on that contract. That wasn't the district court's position. It was looking to the start of performance, not the end of performance, right? District court was looking, the district court suggested that in order for my client to get paid, a fee transaction had to be carried out completely. It doesn't sound like your your rights under the contract can't be determined by the language of the contract itself. Well, I suggest that I suggest that there is some ambiguity and I recognize that. But the point is that that is not entitled the defense to judgment on the pleadings. What is your response to NCS's point about how you plan is essentially nothing regarding the Department of Education's contract and your complaint had nothing there. Their complaint that we did nothing to get the. Well, that's meaningless because the contract, under our interpretation, says that if you get a Department of Education direct contract after the subcontract, then if so facto, we get paid because we got your foot in the door. They criticize the sufficiency of your allegations regarding causation. I think the question is, is there a point there that you don't give any specifics about the actual agreement or how it's caused? Well, this is this is not raised in the district court and was not addressed in the district court opinion because it's not raised in the district court. I think you're referring to the fact that we did not attach a copy of the agreement. Is that correct? Is that what you're you're driving at there? That's their argument on page 20 of their brief as to whether there's too little detail concerning. Well, this was not raised. This was this was not raised. It was not raised before. That was waived. That was waived. Any New Jersey case that says a contract can be consummated at signing? Any state law case? I mean, contract law. Well, I had to look at the district court. There's a district of New Jersey case that I cite in my brief that applying New Jersey law that refers used the word consummate to refer to the formation of a contract. OK, thank you. Thank you. It's in there. Good morning. May it please the court. My name is Arthur Fritzinger from the law firm. Cousin O'Connor and I represent the appellee National Credit Services. This case is really a case about FedCenter wanting to rewrite the terms of the agreement and the conditions necessary for them to get a fee in a case where they wrote the agreement itself. And they've already garnered eight hundred thousand dollars approximately in fees from this agreement based on one introduction to A.C.T. You don't disagree that they put you together with the party that enabled you to negotiate and get a contract with the federal government for student or student fee collection? We do disagree that their introduction of N.C.S. to A.C.T. is what ultimately led N.C.S. to get the E.D. or the contract with the Department of Education. We think that N.C.S. did that on its own. Essentially, FedCenter has made one introduction during the term of this contract, and that was N.C.S. to A.C.T. N.C.S. then serviced A.C.T.'s loans as a subcontractor, made an introduction to the Department of Education without the assistance of FedCenter and secured that contract on its own. And I think it's important that the panel understand that based on that one introduction, FedCenter has to date been able to collect almost eight hundred thousand dollars in fees. And what it's asking for now is a huge chunk of all the fees going forward indefinitely for transactions that did not occur until well after the term of the finder's agreement has expired. Those are factual issues that could be resolved if the case were to go forward. But the question before us is whether it was proper for the district court to grant judgment on the pleadings. And that requires that this agreement be unambiguous. Yes, Your Honor. And I do think that I think whether this contract is ambiguous to some degree depends on the allegation that's being made. What's been made here in the only allegation in the pleadings are concerning the Department of Education contract are twofold. The first is that the agreement was signed during the applicable period of the finder's agreement, but that performance did not in any way start until after the applicable period had ended. So I think for FedCenter to be able to survive judgment on the pleadings, it has to argue, which it has done, that consummation of a fee transaction means signing an agreement. So that is the only pleading or vermin that they have pled in their complaint regarding the Department of Education. And what's wrong with that? There's that you both have conflicting definitions of consummated agreement. They say consummated is the contract that they entered in with you, and that's the agreement. That's been consummated. What's wrong with that? Well, Your Honor, I think you pointed out what was wrong with that during your questioning of FedCenter, which is that that is not consistent with a common understanding of the word consummate. It's not consistent with Black's law definition of consummate, and it's not consistent with the way consummate is used in the case law. We don't have to guess about what the subject is of consummating here, because we have specific definitions of fee transaction. One involves consummation of a transaction. That's not what they're talking about here. We're talking about the second definition that expressly states that fees are due on the subsequent consummation of the contract. So why is there at least not ambiguity around whether or not consummation of a contract means just that, as in contract formation, as we all learned it in contracts in law school? Because, Your Honor, even if the definition is ambiguous, what is not ambiguous in the case law has borne this out, and Black's law dictionary is clear, that consummation is not signing. It's not just the execution of the agreement. Every example that's been cited to by NCS as well as FedCenter shows that consummation is something more than signing. Well, there's some definition. Consummate is the contract that they consummated, the contract that we're talking about here. But even looking at the facts of the case, after they have this initial contract, as you would refer to it as, the consummation of this goes on forever. I mean, would that have been the right contemplation, what they were talking about, when it goes on for years, actually? Until performance may be completed, yes, but there has to at least be some initial performance. I think looking at some of the case law, it's instructive. For example, the Truth in Lending Act cases that FedCenter relies upon, the court doesn't just find that signing is consummation, because at the time of signing, the debt is also given over to the borrower at the time. So in each of these cases, there's something other than signing. For the brokerage, there's the brokerage agreement in TOTUS, there's the signing of the agreement, and then the later sale of the actual house. In the Truth in Lending Act cases, there's the delivery of the actual loan that happens. It happens at the same time as the signing of the agreement, but that's the additional piece that makes it just consummation as opposed to just signing.  Does the word consummation depend on the context of the contract? Sure. I mean, consummation is a transitive verb. You have to consummate something. This is a contract that expects a future performance, right? That's – which contract is Your Honor referring to? The one here involving et cetera. So we have two contracts, the finder's agreement, but I think you're referring to the contract between NCS and the Department of Education. Yes. The text of that contract is not, I think, before the court. It is publicly available at a website that FedCetera cited to. But I think – and the district court did not consider the terms of that agreement when it granted judgment on the pleadings, and I don't think that it had to. The simple fact is that consummation – and here you have consummation of a fee transaction, where fee transaction is then defined as consummation of an agreement. So you have consummation of consummation of a contract. Based on that language, while it may be ambiguous as applies to certain conduct, it is not ambiguous that signing an agreement is not sufficient to meet the term of that contract. Well, you say this is a transient verb. What's the object of the verb then to consummate? It's not consummating the immediate contract. It's consummating the deal that you're going to bring them – the fees are going to be made out of. That's exactly right. And I think if the court looks at the circumstances of this agreement and this business, it plays that out and it plays very much into NTS's favor in affirming the district court. But there are other examples of consummate to mean just the contract you consummated with them, the immediate contract, not the future contract you're going to involve yourself in. Well, so for example, the contract with the finder's agreement itself would not have been consummated until there was some performance under it. That is, you know, Fed Center went out and tried to make an introduction or did something on behalf of NCS. Here you have a great example where all you have is the signing of an agreement and what's alleged is that performance did not even begin until a year later. And the ACT situation, although I agree is somewhat distinguishable, it's relevant in terms of the course of conduct of the parties and how it shows the actual real world method of carrying out the contract. You know, there you have the signing of an agreement and then you have later the performance, which is basically ACT delivering loans to NCS and saying, will you service these? And until there are loans delivered to NCS, there's no fee to be collected. There's no revenue. The contract is just sort of sitting there waiting to be consummated. There's nothing for them to collect. It's the same thing with the Department of Education contract. Here, you know, according to the complaint, you have the signing of the agreement in September before the applicable period runs out. And there are no loans delivered under that contract to NCS for NCS to service until well afterwards. Is this an issue of semantics? Do you agree that the trigger is when a contract is formed? And is your argument that the contract, by being signed, was not actually formed? Or is your argument that we should read this so that consummation of a contract doesn't even mean contract formation, it actually means contract performance? It means, yes, more along the latter line of argument. I think consummation means contract formation plus some indication of performance, whether in the Truth in the Lending Act cases it's the delivery of the loan, whether in an intellectual property case it's the actual delivery of the intellectual property, and whether in this case it requires the signing of the agreement or the formation of the contract, and then later the delivery of the loans. Here, you know, you have a very typical structure, which is true in the residential commercial property or the residential property sale context, which is this agreement sets out the outline of a structure for the relationship between the parties. That is, NCS and the Department of Education, just by signing the agreement, there's no delivery of actual work to NCS. There's no fees to be collected or any work that NCS performs upon which Fed Center could collect a fee. But it certainly anticipated the delivery of fees further down the road, didn't it? Without getting too far into the details of the agreement, I think that's fair, yes, Your Honor. In that case, let's go back to the language here, because the second definition of fee transaction talks about the subsequent consummation of any contract with the government agency for which principal has been invited to compete and is later awarded a contract to perform. And then it goes on to explain that the parties are expressly agreeing that this contract to perform shall have arisen due to the engagement that Finder facilitated in advance of any such award. But doesn't that indicate that this contract is by its terms distinguishing between the award of a contract and the performance of a contract, and that the Finder is supposed to be credited for facilitating the award? But only if a fee transaction is consummated during the applicable period. And what that means, Your Honor, is that the contract need not – if they would have written, signed an agreement, you know, if they had written the term fee transaction also means the subsequent signing of any contract with any federal government agency, then I think Your Honor's reasoning would be sound. However, that's not what they wrote. What they wrote was the consummation of an agreement, and the signing of an agreement is not the same as the consummation of an agreement. Well, they said consummation of a contract, but the sentence then goes on to explain what that is, and it distinguishes by its terms between the award of a contract and that being a contract to perform. It then says that the contract to perform shall have arisen due to the engagement of the Finder in advance of any such award, not in advance of or during, as a result of, any such performance. Well, I think that the second piece of this sentence that Your Honor is focusing on really has to do with an attempt by FedSederich to try to say, whether we introduce you to the Department of Education or not, we're going to try to take credit for your relationship with them, because we made an introduction to a subcontractor, and eventually that gets you to the Department of Education. What seems to be saying, if you get an award during the time that this agreement is in force? During the time of the applicable period. And Your Honor is correct that no work was awarded during the applicable period of this contract. It is signed in agreement during the period that that contract was in force, isn't it? There was an agreement signed with the Department of Education, yes, during the applicable period. Isn't that exactly what that phrase refers to? No, Your Honor, respectfully, because the contract was not consummated. That is, I think in this context, to consummate the agreement, the Department of Education had to deliver some loans to NCS for them to sign. But you didn't sign on the dotted line so that the government, you had that contract in place, did you not? There was a contract in place with the Department of Education. You just hadn't collected fees yet. Well, NCS hadn't been given any work to do yet. I mean, the Department of Education, if the court is going to examine the Department of Education contract. That means that that contract is not in force until you start collecting fees, despite the fact that you had already signed the contract, for the collection of fees. I think that's right in this case, Your Honor. And I think all the court, for judgment on the pleadings based on what the district court has ruled, it's a very narrow issue. The terms of the contract with the Department of Education are not in that record that the district court ruled on. And I think all this court has to find in order to affirm the district court is that consummation is something more than signing. That being said, the Department of Education contract, it's a long way from signing to receiving any type of work at all. And at any point, the Department of Education can say, you know what, we're not going to give any loans to NCS. And then that contract would never be consummated. At the point that the contract was signed here, was the contract awarded? No. So I think under this master contract with the Department of Education, contracts for the service of other loans were then awarded. So in terms of this is a somewhat familiar structure where you have a master contract governing the overall relationship between the parties saying, if we give you loans, these are the general things that we expect, and here's generally what you can expect. And then I think a contract is awarded when they say, all right, NCS, here's a package of student loans for you to go service. How is that different than performance? It is, well, first of all, I think the Department of Education is not obligated under the agreement to provide any loans. So performance, you know, implies fulfillment of an obligation under a contract. The Department of Education contract with NCS, the one that's at issue here, doesn't have any obligation. I think performance would be in that situation twofold. The first would be NCS actually servicing the loans, which they're obligated to do upon receipt. And second is the Department of Education paying fees to NCS for the service of the loans, which is what the Department of Education is obligated to do under the contract. But if your argument is that fees turn on performance, that is, fees turn on when you're actually given a loan to service, and we have here something that talks about awarding a contract, and that contract being a contract to perform. How do we reconcile those two different concepts, that is, a contract is awarded first, and the contract is to perform going forward with the approach that you want to take to when fees are due, which would not be the award, as I understand your argument. It would simply be the performance. Yes. Well, I think how this played out in terms of ACT is illustrative and maybe would demonstrate my point better than I could just talking about the terms of the agreement. So ACT signs a general contract with NCS for the service of loans. They then award NCS loans by giving them loans to service, right, at which point NCS goes out, services the loans, collects fees on those loans, and when they collect those fees, that is when they pay FedCetera its fining fees. On an ongoing basis, as the fees come into them, FedCetera is entitled to a percentage, and those are paid on an ongoing basis. Just as here, you have an overall structure of the relationship between the Department of Education and NCS. That's the agreement signed during the applicable period. You don't have any loans delivered under that, an award of a contract to perform, until well after the applicable period. And that is the consummation that you need in order to be entitled to a fee. So what is the contract that's awarded at the outset? What is the contract we're talking about? The contract is a – it sets forth the relationship between the Department of Education and the rules that will apply if later student loans are awarded to NCS for service. It lays out things like the percentage of revenue that NCS is entitled to have if it gets loans, the types of loans that the Department of Education might give to NCS, the type of qualifications that NCS is obligated to maintain in order to service these loans, those types of overall general understandings between the parties. And is it your representation that a separate contract is then executed every time a loan is provided to service? I don't know if it is a separate written agreement or not, or whether it's the delivery. I don't know exactly how those are delivered, Your Honor. I'll be frank with you. The strength of your argument is that you had not received loans to service until after your contract with etc. had expired. Yes, I think that's right, and I think it's important. Not that I agree, but that's the essence of your position. Yes, Your Honor. Well, there's no – if we say it's been consummated at this time, there's really no damages that can be assessed, is there? Correct. That's the problem with reading consummation as the time of the signing, is that – There's no way to figure out if you say it's consummated, well, it's going to go to the damage issue. There's nothing to – because there's been no collections made or whatever they do to service the contract. That's exactly right, and I think that tension gets at why consummation can't be the signing of the agreement. Because if they're entitled to fees when this agreement is signed, there are no damages, and it could be that no debt is ever awarded under that contract or that a debt is awarded 10, 15 years down the line under that contract. So I think that Your Honor's comment gets directly at the heart of the tension. But since the fees are based on revenues coming in, there simply wouldn't – if there never ended up being loans that were provided for servicing under the contract, there wouldn't be fees coming in for the duration of that term, right? Correct. So we – again, before us is the question whether this term that we've now on both parties exceeded your time discussing is so clear and unambiguous that judgment on the pleadings is warranted. Can that really be, given the various definitions and permutations we've been discussing this morning, that it is truly unambiguous? I think yes for this reason. The reason is that what was alleged in the complaint was that the agreement was just – all that was alleged during the applicable period was the signing of the agreement, and it was specifically alleged that no performance at all, nothing else happened until well after the applicable period. So insofar as consummation means anything at all more than signing, which we think it clearly does based on the case law and Black's Law Dictionary, then as it applies to the pleading here, the complaint is deficient and fails to state a claim and was correctly dismissed. Thank you. Thank you. Counsel, we agree with you that this contract has been consummated. What are your damages? Specific performance. For the fees. Yes. And, in fact, we have alleged the performance did begin, but it began after the expiration of Paragraph 16 of the complaint. Specific performance of what? There's no collection to the date or whatever they do. Let me illustrate and address your point, Your Honor. Paragraph 15 of the complaint addresses the formation of the contract, the direct contract with the Department of Education, and indicates that the NCS was invited to compete, blah, blah, blah. Awardees from the federal government in 2013 included NCS. That was announced in October 2014, just a few days after NCS and the Department of Education signed their agreement. So there was an award and a signing in 2014 of an agreement between the Department of Education and NCS. Performance, in other words, money coming in or business coming in did not begin, it did begin, but it did not begin until September of 2016 after the expiration of the agreement. Doesn't your position enhance what your adversary is saying, that there's got to be further procedure here before you're entitled to any money, because you have no damages until they go forward with this initial agreement? I feel to the contrary, that even the circumstance of this fact, these facts, plus the circumstances that Mr. Fritzinger described, enhance my argument, because the surrounding circumstances that everybody knew how this works, certainly my client knew how it worked, and the point here was to get your foot in the door and get the contract, because you get the business by the formation of a contract, not performance. Okay, and if it has been consummated, if you say, then you would move for specific performance. Yes, there's two counts, damages for past, for the fees that have been coming through and we haven't got paid on, and going forward. And the ones that are going forward haven't come to fruition yet. That's right. And they might go on for years, just like the ACT contract did. But doesn't that, you say that doesn't enhance your adversary's argument that I think it helps me. Define consummation in terms of what the contract overall means, and it doesn't mean this initial contract, because the deal hasn't been consummated. They haven't earned any money, and there's nothing that you can get any response from, because there's got to be another contractor. Well, I don't believe there's any other contract. The point being, as I explained in the beginning, that the federal government selects a handful of contractors who are private collection agencies. That's the direct contract between these companies and the Department of Education. All right. And then they get this business, some of which they subcontract out. You say you made all that happen. For this client, yes. Yes. And we're giving specific performance that you're entitled to be payment for, for something that hasn't come to fruition yet. Some of which has not come to fruition. Some has. Some has not. Counsel, can I just make sure I understand clearly where we are procedurally? Yes, Your Honor. Because am I correct that nothing in any ruling of ours would entitle you to specific performance? You would be back in front of the district court. Absolutely. And before the district court, there may even be threshold issues of, to the extent permitted under state law, introducing extrinsic evidence outside the four corners of the contract. Absolutely. To try to understand what an ambiguous contract meant. That is absolutely correct, Your Honor. This was a judgment on the pleadings. Even before you were able to move forward to any kind of discovery as to causation and whether that introduction really did lead to any revenues or damages, right? You're absolutely correct. I would point out there was some written discovery, but it was not before the court because this was a motion for judgment on the pleadings. So we're either going to be affirming that or sending this back to the district court to move forward in the initial instance with even the interpretation of the contract if we conclude it's ambiguous. That's correct. Why precisely do you say the district court got wrong? I believe that the district court erred in misinterpreting the use of the word consummation. And I believe that the district court went through some machinations that I think were error in rewriting the contract. And to you, consummation means signing up? Everybody signs on or not aligned? Consummation means forming the contract. In fact, if you follow, as I indicated earlier, if you follow the district court's reasoning and the reasoning offered by NCS on their motion is that the consummation means carrying something out completely. There's no law that says initial performance is necessary. You can have a contract formed. You can have performance in the future, which is basically what we're seeing is happening here. As long as this contract was formed within the life of the Fed-Center Agreement, we're entitled to payment. That's our position. Formed to you means? Signed, as alleged in Paragraph 15 of the complaint. Everybody has an agreement and agrees to the terms of the contract. The NCS awards the contract. NCS and the federal government solicits people to come to us and they make awards. They award, hey, you're going to get an agreement. And they sign the contract with the federal government. That's a consummated contract. Okay. Is there any legal obligation under that contract to actually provide loans? I do not know. I believe there is not, but I'm not certain of that. Okay. Any more questions, Your Honor? Thank you. Thank you very much. Thanks to both counsel for a very helpful argument, and we will take the case under advisement.